ADAM GORDON
United States Attorney
JOSEPH P. PRICE, JR.
Assistant U.S. Attorney
Cal. Bar No. 131689
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-7642
Joseph.Price@usdoj.gov

FILED
AUG 31 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY TK DEPUTY

ORDERED UNSEALED on 09/03/2026 s/ JuanaGue

~~SEALED~~
s/ JuanaGuerrero

Attorneys for Plaintiff United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA, *ex rel.* MICHAEL DEUSCHEL,

Plaintiffs,

v.

CALIFORNIA GOVERNOR GAVIN NEWSOM, CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY, et al.,

Defendants.

Case No.: 26CV3100-WQH (GC)

**UNITED STATES' NOTICE OF INTERVENTION FOR THE PURPOSE OF DISMISSAL, AND MOTION TO DISMISS AND UNSEAL RELATOR'S COMPLAINT**

**FILED UNDER SEAL**

**UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION FOR THE PURPOSE OF DISMISSAL, AND MOTION TO DISMISS AND UNSEAL RELATOR'S COMPLAINT**

Plaintiff United States of America, by and through its undersigned counsel, pursuant to 31 U.S.C. §§ 3730(b)(2, (b)(4)(A) and (c)(2)(A) of the False Claims Act ("FCA") and Federal Rule of Civil Procedure 41(a), intervenes in the instant case for the purpose of dismissal and moves the Court to dismiss and unseal Relator's complaint, and states as

follows in support. This notice of intervention and motion to dismiss and unseal is based on the documents on file in this action, the attached memorandum of points and authorities, matters subject to judicial notice, and any other evidence or argument that the Court may permit.

## I. INTRODUCTION

This matter is a *qui tam* action wherein Relator, Michael Deuschel, alleges that the Defendants—including the Governor of the State of California, directors and officers of various state and local health departments and agencies, the Regents of the University of California in connection with five University of California medical centers, various other hospitals and medical centers, some two dozen physicians, and Bayer Pharmaceuticals entities—violated the FCA. After an evaluation of Relator's claims, the United States has determined that dismissal of the action is warranted. As discussed below, the United States is entitled to dismissal of Relator's Complaint under *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), and the applicable legal standard of Federal Rule of Civil Procedure 41(a)(1). In addition, because the United States has now made its determination to intervene for the purpose of dismissal, the Complaint should be unsealed.

## II. BACKGROUND

### A. FCA Overview

The FCA, 31 U.S.C. §§ 3729-3733, imposes civil penalties and treble damages on any person or entity that, in relevant part: (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," in violation of 31 U.S.C. § 3729(a)(1)(A), and (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," in violation of § 3729(a)(1)(B). A plaintiff must allege: "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing, (4) the government to pay out money or forfeit moneys due." *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1114 (9th Cir. 2020).

Civil suits to enforce the FCA may be brought either by the Attorney General, 31 U.S.C. § 3730(a), or by a private person who files suit "for the person and for the United States Government" in the name of the United States, *id.* at § 3730(b)(1). The private person is known as a "relator," and the suit is called a *qui tam* action. *See Polansky*, 599 U.S. at 423, 425.

The FCA provides that the United States shall either elect to intervene in the *qui tam* and take over the litigation, or to decline intervention, thus allowing the relator to conduct the action. 31 U.S.C. § 3730(b)(4). When the United States intervenes, although the relator remains a nominal party, the Government assumes "the primary responsibility for prosecuting the action" and is not bound by any act of the relator. *See id.* at § 3730(c)(1). As the party with primary responsibility over the action, the United States may proceed with the action, settle the case over the relator's objection, *id.* at § 3730(c)(2)(B), or dismiss the case over the relator's objection, *id.* at § 3730(c)(2)(A). If the United States elects to decline to intervene, "the person bringing the action shall have the right to conduct the action." *Id.* at § 3730(b)(4). But even after initially declining to intervene, the United States may still later intervene for "good cause," in which case it then assumes primary responsibility for the action and assumes all of the same rights described above. *See id.* at 3730(c)(3); *Polansky*, 599 U.S. at 430–31. If a *qui tam* action results in a monetary recovery, the relator may seek a share of that recovery. 31 U.S.C. § 3730(d). However, the United States is entitled to "the lion's share of the recovery." *Polansky*, 599 U.S. at 425. This is because *qui tam* suits "are brought in the name of the Government," and for an alleged injury "exclusively to the Government." *Id.*

**B. Relator's *Qui Tam* Allegations and Factual Background**

**1. The First *Qui Tam* Action Was Dismissed Sua Sponte Under Seal**

Relator previously commenced an action in United States District Court for the Southern District of California that was assigned case number 23cv2370-BEN (MSB). It was later reassigned as case number 23cv2370-RSH (MSB). *United States ex rel. Deuschel v. Dr. Mark Ghaly, as Secretary of California Health and Human Services Agency, et al.*,

23cv237-RSH (MSB) (the "2023 *Deuschel* action").

As the United States indicated in its Notice of Related Case filed in the instant case on August 13, 2026, the 74-page complaint the United States Attorney's Office received in the 2023 *Deuschel* action (which bore case number 3:23-CV-99999) named over thirty defendants, many of which are named as defendants in the instant case (26CV3100-WQH (GC)), including the Governor of the State of California; directors and officers of various state and local health departments and agencies; the Regents of the University of California in connection with five University of California medical centers; and various other hospitals, medical centers, and physicians. The complaint the United States received in the 2023 *Deuschel* action included allegations that over the past ten years, Relator was subjected to pre-operative work up sixty-eight times for thirteen separate procedures, none of which was ever performed. Specifically, that complaint included such allegations as: Defendants deprived Relator of appropriate, timely medical service/surgeries; harassed, intimidated, retaliated against, and defamed Relator; used Relator as an unwitting "lab-rat," upon whom inexperienced medical students practice their inadequate skills with tragic results of mutilation of Relator; physically assaulted and battered Relator; performed unnecessary surgeries on Relator; and billed Medi-Cal for fraudulent surgeries.

On June 18, 2024, the United States filed under seal and served on Relator a Notice Regarding Lack of Service of Relator's complaint and disclosure of material evidence as required under the False Claims Act.

On September 11, 2024, Judge Huie issued an order dismissing the 2023 *Deuschel* action (23cv2370-RSH-MSB) without prejudice. In its Order, the Court indicated that, on August 8, 2024, the Court denied without prejudice Plaintiff Deuschel's application to proceed in forma pauperis ("IFP"), and that if by September 9, 2024, Plaintiff did not either pay the filing fee or file a new application with required information to proceed IFP, the Clerk of the Court would dismiss the case without prejudice and terminate the action. In its Order dated September 11, 2024, the Court stated that as of the date of the Order, Plaintiff had neither paid the filing fee nor filed a renewed IFP application. The Court

ordered, accordingly, that the action is dismissed without prejudice. The 2023 *Deuschel* action, 23cv2370-RSH-MSB, remains under seal.

**2. The Current *Qui Tam* Complaint Is Essentially a Repeat of the Previously Dismissed Complaint**

On May 18, 2026, over a year and a half after his first complaint was dismissed, Relator filed another complaint under seal, under the *qui tam* provisions of the False Claims Act. 31 U.S.C. § 3730(b). The 146-page complaint in this action essentially repeats the allegations from the previously dismissed *qui tam* complaint in the 2023 *Deuschel* action. The instant complaint names over sixty defendants, including the Governor of the State of California; directors and officers of various state and local health departments and agencies; the Regents of the University of California in connection with five University of California medical centers; various other hospitals and medical centers; some two dozen physicians; and Bayer Pharmaceuticals entities. Relator alleges that "for twelve years, sixty-nine Medical Providers ... deny Relator necessary medical services and/or performed pre-operative workups but deny surgeries despite demonstrated necessity ..." Compl. at ¶ 12. Relator alleges that Defendants have committed Med-Cal fraud and violated the False Claims Act, as a result of, inter alia, the following conduct of Defendants:

> collude to (1) breach contract (2) submit false bills; (3) misuse Medi-Cal funds for personal and political gain; (4) conceal the abysmally low reduced reimbursement rates (RRR) that dissuade surgeons from accepting MediCal and fail to adjust, contest or report the RRR; (5) make false records in administrative and/or medical records systems; (6) violate the Affordable Care Act's rules and regulations; (7) avoid and neglect oversight and fail to protect Relator; (8) fail to provide prescribed surgeries to alleviate Relator's exacerbated disabilities; (9) perform unnecessary surgeries upon Relator to allow medical students to practice upon him while he is anesthetized, then bill for the iatrogenic injuries they inflict upon Relator, and, (10) refuse revision surgery as necessary to correct their iatrogenic injuries; (11) commit elder abuse against Relator; (12) discriminate against Relator, an Adaptive person with disabilities; (13) reduce Relator to "billing-code-punch-card, or, profit-pod" status as they scheme to extract their ill-gotten gains and defraud the federal government; (14) retaliate, perpetrate and perpetuate these reprehensible acts to silence Relator by incapacitating

> him, causing him to suffer and slowly die by obstructing access to necessary care and depriving him of life-sustaining surgeries because he complained about their abuse and fraud.

*Id.* at ¶ 14.

**C. The United States Is Intervening for the Purpose of Dismissal**

After careful consideration of Relator's 146-page, 490-paragraph complaint, which contains allegations against multiple state and federal agencies, at least twenty-three medical groups across California and Nevada, and hundreds of individual providers spanning seventeen years, the United States has determined that dismissal is commensurate with the public interest and that the matter does not warrant the continued expenditure of government resources to pursue or monitor the action.

Accordingly, as discussed below, the United States has determined that the Complaint should be dismissed pursuant to 31 U.S.C. § 3730(c)(2)(A). The United States hereby intervenes for the purpose of dismissal and concurrently moves to dismiss this action. Also, because the United States has made its determination to intervene for the purpose of dismissal, the Complaint should be unsealed.

At this time, Defendants have served neither an answer, a responsive pleading, nor a motion for summary judgment.

## III. ARGUMENT

**A. Standard for the United States to Dismiss Relator's *Qui Tam* Action**

When the United States intervenes in a *qui tam* action, it takes over primary responsibility for the matter. One action the Government may take after intervening is to dismiss the *qui tam* action. The FCA authorizes the United States to dismiss such an action, even if the relator objects:

> The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

31 U.S.C. § 3730(c)(2)(A).

The Supreme Court's decision in *Polansky* held that district courts should apply the standard of Federal Rule of Civil Procedure 41(a) when evaluating a motion to dismiss under § 3730(c)(2)(A). *Polansky*, 599 U.S. at 424 (2023) ("We also hold that in handling such a motion, district courts should apply the rule generally governing voluntary dismissal of suits: Federal Rule of Civil Procedure 41(a)."). Prior to a defendant answering or moving for summary judgment, Rule 41(a)(1)(A)(i) provides that dismissal is effected simply by the filing of a notice. *See id.* at 435. If the United States moves to dismiss before the defendant has served an answer or a motion for summary judgment, as the United States is doing here, then under Rule 41(a)(1) the district court "has no adjudicatory role" other than to dismiss the action. *Id.* at 436 n.4.

Under § 3730(c)(2)(A), when the Government moves to dismiss, the relator is entitled to notice and an opportunity for a hearing on the Government's motion. In *Polansky*, the Supreme Court addressed how to reconcile the relator's right to a hearing with the fact that the district court has no adjudicatory role under Rule 41(a)(1) other than to grant the Government's motion to dismiss when dismissal is sought before the defendant files an answer or a motion for summary judgment. The Supreme Court, citing the Third Circuit's opinion from which *certiorari* was granted, suggested that a hearing might inquire into any allegations that a dismissal "violate[s] the relator's rights to due process or equal protection." *Id.* Consistent with Rule 41(a)(1), however, the Supreme Court was careful to emphasize that in the absence of any constitutional violations, the district court must grant a motion to dismiss under § 3730(c)(2)(A) where, as here, the government files such a motion prior to any answer or motion for summary judgment. *See id.* at 435 ("If the defendant has not yet served an answer or summary judgment motion, the plaintiff need only file a notice of dismissal").

**B. The United States Is Entitled to Dismiss Relator's *Qui Tam* Action**

After assessing Relator's complaint, the United States has determined that dismissal is commensurate with the public interest and that the matter does not warrant the continued expenditure of government resources. Under *Polansky* and Rule 41(a)(1), the United States

is entitled to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A). *See also U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1144-45 (9th Cir. 1998)* (noting that, upon a proper showing, the Government retains broad power to dismiss a *qui tam* action even when the suit has merit) (superseded by *Polansky* on other grounds).

**C. <u>The Complaint Should Now Be Unsealed</u>**

The FCA provides for a seal on *qui tam* complaints during the Government's initial 60-day intervention determination period and during any extensions of that period that are granted upon a showing of good cause. 31 U.S.C. § 3730(b)(2). The purpose of the FCA's seal provision is to protect the Government's investigation of a relator's allegations while it determines whether to intervene in the action. *See, e.g., American Civil Liberties Union v. Holder*, 673 F.3d 245, 250, 253 (4th Cir. 2011).

Where, as here, the United States files a notice that it has elected whether to intervene in a relator's FCA complaint, the complaint is to be unsealed. 31 U.S.C. § 3730(b); *United States v. Creekside Hospice II, LLC*, No. 213-cv-00167-APG-PAL, 2015 WL 9581743, at *7 (D. Nev. Dec. 30, 2015) ("The FCA contemplates lifting the seal on the Relator's complaint once the government has decided whether or not to intervene.").

Because the United States has now made its determination to intervene for the purpose of dismissal, there is no need for the Complaint to remain under seal. The United States therefore requests that the Court unseal the Complaint.

//

//

//

//

//

//

//

//

## IV. CONCLUSION

For the reasons stated above, the United States intervenes in this matter for the purpose of dismissal. Concurrent with intervention, pursuant to 31 U.S.C. § 3730(c)(2)(A) and Fed. R. Civ. Proc. 41(a)(1), the United States respectfully requests the Court grant its Motion to Dismiss and dismiss this action. Pursuant to 31 U.S.C. § 3730(b), the United States also respectfully requests that the Complaint be unsealed.

DATED: August 31, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

JOSEPH P. PRICE, JR.
Assistant United States Attorney

Attorneys for Plaintiff
United States of America